UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
ANN ARBOR DIVISION

| | | |
|---|---|---|
| LEVER FRANKLIN POTTER<br>2600 Hendershot<br>Parma, MI 49269 | ) ) ) ) | CASE NO.<br><br>JUDGE |
| on behalf of himself and all others<br>similarly situated, | ) ) ) ) | MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT** |
| Plaintiff, | ) ) | (Jury Demand Endorsed Herein) |
| vs. | ) ) | |
| DAWN FOOD PRODUCTS, INC.<br>c/o Statutory Agent Stuart A. Smith<br>3333 Sargent Road<br>Jackson, MI 49201 | ) ) ) ) ) | |
| Defendant. | ) ) | |

Now comes Plaintiff, Lever Franklin Potter, by and through the undersigned

counsel, and for his Complaint against Dawn Food Products, Inc. ("Dawn Food" or

"Defendant"), states and alleges the following:

## INTRODUCTION

1.      This is a "collective action" instituted by Plaintiff as a result of

Defendant's practices and policies of not paying its non-exempt employees,

including Plaintiff and other similarly situated employees, for all hours worked,

including overtime compensation at a rate of one and one-half times their regular

rate of pay for all of the hours they worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4.      At all times relevant herein, Plaintiff was a resident of Jackson County, Michigan.

5.      At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6.      At all times relevant herein, Defendant was a corporation organized and existing under the laws of the State of Michigan, with its principal place of business at 3333 Sargent Road, Jackson, MI 49201.

7.      At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8.      At times relevant herein, Defendant was an enterprise within the

2

meaning of 29 U.S.C. § 203(r).

9.      At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10.     At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11.     Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12.     Defendant manufactures food products including mixes, bases, icings, glazes, fillings, and frozen dough.  Defendant also manufactures fully baked products and equipment and sells those items to its customers within the food industry.

13.     Plaintiff was employed between January 2015 and December 2018 as a pre-mix operator at Defendant's Jackson, Michigan plant.

14.     Plaintiff and other similarly situated employees were employed as manufacturing employees at Defendant's plants throughout the United States.

15.     Plaintiff and other similarly situated manufacturing employees had the same and/or substantially similar job duties and/or responsibilities and were subjected to the same policies and procedures.

16.     Plaintiff and other similarly situated manufacturing employees were non-exempt employees under the FLSA.

17.     Plaintiff and other similarly situated manufacturing employees were paid an hourly wage.

**(Failure to Pay for All Hours Worked)**

18.     Plaintiff and other similarly situated manufacturing employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: a) changing into and out of uniforms and personal protective equipment; b) getting tools and equipment that were necessary to perform manufacturing work; c) walking to their assigned area of the manufacturing floor; and/or d) performing their manufacturing work.

**(Failure to Pay for Donning Time)**

19.     Before Plaintiff and other similarly situated manufacturing employees began their shifts, they donned uniforms and personal protective equipment, including but not limited to hair nets, beard nets, gloves, facemasks, and steel-toed boots.

21.     The time Plaintiff and other similarly situated manufacturing employees spent donning their uniforms and personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant, the Occupational Safety and Health Administration ("OSHA"), and was performed for Defendant's benefit in that it helped keep the production floor safe, and helped promote a more safe and efficient manufacturing process.

20.     Donning uniforms personal protective equipment is an intrinsic element of Plaintiff and other similarly situated manufacturing employees' job duties. Plaintiff and other similarly situated manufacturing employees cannot dispense with donning personal protective equipment if they are to perform their work in a safe and efficient environment.

21.     Plaintiff and other similarly situated manufacturing employees were not paid for time spent donning their personal protective equipment.

### (Failure to Pay for Time Spent Retrieving Tools)

22.     After donning their personal protective equipment, Plaintiff and other similarly situated manufacturing employees retrieved tools and/or equipment necessary to perform their work.

23.     The time Plaintiff and other similarly situated manufacturing employees spent retrieving tools and/or equipment necessary to perform their work

was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

24.     Retrieving tools and/or equipment is an intrinsic element of their job duties.   Plaintiff and other similarly situated manufacturing employees cannot dispense with retrieving tools and/or equipment if they are to perform their work in a safe and efficient environment.

25.     Plaintiff and other similarly situated manufacturing employees were not paid for the time spent retrieving tools and/or equipment necessary to perform their work.

**(Failure to Pay for Walk Time)**

26.     After donning their personal protective equipment and gathering their tools, Plaintiff and other similarly situated manufacturing employees walked to the manufacturing floor.

27.     Plaintiff and other similarly situated manufacturing employees were not paid for this walk time.

**(Failure to Pay for Time Spent Performing Manufacturing Work)**

28.     Plaintiff and other similarly situated manufacturing employees were often required to work past the end of their shift times to complete their manufacturing work.

29.     Performing work is Plaintiff and other similarly situated manufacturing employees' principal activity.

6

30.     Plaintiff and other similarly situated manufacturing employees were not paid for the time spent performing their work after their shift time ended.

**(Failure to Pay for Predoffing Walk Time)**

31.     At the end of their shifts, Plaintiff and other similarly situated manufacturing employees walked from the manufacturing floor to the area in which they changed out of their personal protective equipment.   Such time constitutes "predoffing walk time."

32.     Plaintiff and other similarly situated manufacturing employees were not paid their predoffing walk time.

**(Failure to Pay for Time Spent Doffing)**

33.     At the end of their shifts, Plaintiff and other similarly situated manufacturing employees doffed their uniforms and personal protective equipment.

34.     The time Plaintiff and other similarly situated manufacturing employees spent doffing their uniforms and personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant, OSHA, and was performed for Defendant's benefit in that it helped keep the manufacturing floor safe and helped promote a more safe and efficient manufacturing process.

35.     Doffing their uniforms personal protective equipment is an intrinsic element of their job duties.   Plaintiff and other similarly situated manufacturing

7

employees cannot dispense with doffing their personal protective equipment if they are to perform their work in a safe and efficient environment.

36.     Plaintiff and other similarly situated manufacturing employees were not paid for time spent doffing their personal protective equipment.

## (Failure to Pay Overtime Compensation)

37.     As a result of Plaintiff and other similarly situated manufacturing employees not being paid for all hours worked, Plaintiff and other similarly situated manufacturing employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

38.     The amount of time Plaintiff and other similarly situated employees spent on this requested and unpaid work amounted to approximately 15 to 30 minutes each day.

39.     Plaintiff estimates that he worked on average over 60 hours per workweek.

## Failure to Keep Accurate Records)

40.     Upon information and belief, Defendant failed to make, keep and preserve accurate records of all of the unpaid work performed by Plaintiff and other similarly situated manufacturing employees.

## (Defendant Willfully Violated the FLSA)

41.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

42.     Plaintiff brings Count One of this action on his own behalf, pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

43.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current manufacturing employees of
> Dawn Food Products, Inc. between April 13, 2017 and
> the present.

44.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several hundred persons.

45.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former manufacturing employees are similarly situated with regard to their claims for unpaid wages and damages.  Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

46.    These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

47.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48.    Defendant's practice and policy of not paying Plaintiff and other similarly situated manufacturing employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

49.    Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated manufacturing employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

50.    By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

51.    As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing employees have been damages in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.    Issue an order permitting this litigation to proceed as a collective action;

B.    Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.    Award Plaintiff and the class he represents actual damages for unpaid wages;

D.    Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E.    Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F.    Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G.    Award Plaintiff and the class he represents further and additional relief as this

Court deems just and proper.

Respectfully submitted,

 /s/ Jennifer Lossia McManus
Jennifer Lossia McManus
Fagan McManus, P.C.
25892 Woodward Avenue
Royal Oak, MI 48067-0910
Phone:  (248) 542-6300
Fax:  (248) 542-6301
jmcmanus@faganlawpc.com


 /s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Jennifer McManus
One of the Attorneys for Plaintiff