UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEVER FRANKLIN POTTER,

        Plaintiff,

vs.

DAWN FOOD PRODUCTS, INC.,

        Defendant.

_____/

Case No. 20-10926

HON. MARK A. GOLDSMITH

**<u>OPINION & ORDER
GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION (Dkt. 16),
AND GRANTING MOTION FOR LEAVE TO FILE INSTANTER REPLY BRIEF
(Dkt. 20)</u>**

Plaintiff Lever Franklin Potter seeks to conditionally certify this case as a collective action under the Fair Labor Standards Act ("FLSA") (Dkt. 16). Defendant Dawn Food Products, Inc. opposes certification (Dkt. 19). Potter filed a reply brief in support of his motion (Dkt. 20-1).[1] The Court held a hearing on the motion on October 7, 2020. For the reasons discussed below, Potter's motion is granted in part.

### I.    BACKGROUND

Dawn Food Products manufactures bakery products and mixes for bakeries, grocery stores,

---

[1] Potter filed a motion seeking to file his reply brief instanter, representing that he missed the filing deadline due to personal obligations (Dkt. 20). Dawn Food Products opposes Potter's motion to file his reply brief, arguing that Potter has not shown excusable neglect to file his reply brief six days late (Dkt. 22). Under Federal Rule of Civil Procedure 6(b)(2), a court may extend the time to file a reply brief because of excusable neglect. The Court has reviewed Potter's motion to file a reply brief instanter, and finds that filing his reply brief six days late was due to excusable neglect. Therefore, the motion is granted.

and other establishments at its eight manufacturing facilities. Resp. at 2. It has approximately 1,830 hourly, non-exempt manufacturing employees who have worked at its facilities since April 2017. Id.

Potter alleges that when he worked at the Jackson, Michigan, facility as a non-exempt, hourly manufacturing employee, he was not compensated for (1) donning and doffing personal protective equipment, (2) retrieving tools necessary to perform his work, (3) walking to and from his assigned area of the manufacturing floor, and (4) performing his manufacturing work after the end of his shift. Compl ¶¶ 18-39 (Dkt. 1). Potter contends that numerous current and former Dawn Food Products employees are similarly situated to him in regard to their claims for unpaid wages and damages. Id. ¶ 45.

Four additional individuals have submitted opt-in forms seeking to join this action. Opt-In Forms, Ex. 3 to Mot. (Dkt. 16-3). The opt-in forms are populated with identical information stating that during their employment with Dawn Food Products, they were not paid for (1) changing into and out of personal protective equipment, (2) getting tools and equipment necessary to perform manufacturing work, (3) walking to the individual's assigned area on the manufacturing floor, and (4) performing manufacturing work. Id. The opt-in plaintiffs represent employees from four different Dawn Food Products facilities. Dawn Food Products has filed the declaration of its payroll manager, Teri Wolvin, providing further details on each of the opt-in plaintiffs. Wolvin Decl., Ex. 1 to Resp. (Dkt. 19-1). The declaration provides details such as where the individuals worked, whether they were temporary employees, and whether Dawn Food Products has any records establishing that the individuals were indeed manufacturing employees. Id.

Potter seeks to define the collective action class under the FLSA as follows:

> All former and current manufacturing employees of Dawn Food Products, Inc. between April 13, 2017 and the present.

Id. ¶ 43.

## II.　　LEGAL STANDARD

The FLSA states:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in . . . the preceding sentence[] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). While similar in some respects to a traditional class action, a collective action under FLSA has distinct features. The statute "establishes two requirements for a representative action: 1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006).

This class-based litigation format, labeled a collective action, "serves an important remedial purpose" by allowing "a plaintiff who has suffered only small monetary harm [to] join a larger pool of similarly situated plaintiffs" in order to reduce individual litigation costs and employ judicial resources efficiently. O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 586 (6th Cir. 2009), abrogated on other grounds by Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 163 (2016) (citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989)). Courts generally consider certification of FLSA

3

collective actions in two stages. Cormer, 454 F.3d at 546. "At the notice stage, the certification is conditional and by no means final." Id. "At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." Id. at 547. At the conditional certification stage, courts employ a "fairly lenient standard, [which] typically results in conditional certification of a representative class." Id. (quoting Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 497 (D.N.J. 2000)) (internal marks and quotation omitted). Courts more closely scrutinize the second stage of class certification, which occurs after extensive discovery following the addition of the opt-ins to the collective action. Monroe v. FTS USA, LLC, 860 F.3d 389, 397 (6th Cir. 2017).

"Conditional certification is used to determine (1) the contour and size of the group of employees that may be represented in the action so as to authorize a notice to possible collective members who may want to participate, and (2) if the members as described in the pleadings are similarly situated." 7B Wright, Miller, & Kane, Federal Practice & Procedure § 1807 (3d ed. 2005) at 488-489. If a plaintiff makes the minimal showing that other employees in the proposed class are similarly situated, the court will conditionally certify the case as a collective action, and then revisit that determination after additional discovery and the opt-in procedures have been completed. Cormer, 454 F.3d at 546-547. At the first stage, courts do "'not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'" Wlotkowski v. Mich. Bell Tel. Co., 267 F.R.D. 213, 217 (E.D. Mich. 2010) (quoting Brasfield v. Source Broadband Servs., LLC, 257 F.R.D. 641, 642 (W.D. Tenn. 2009) (collecting cases)).

The FLSA does not define the term "similarly situated." In Cormer, the Sixth Circuit cited approvingly the idea that a "plaintiff must show only that 'his position is similar, not identical, to the

4

positions held by the putative class members.'" 454 F.3d at 546-547 (quoting Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591, 595 (S.D. Ohio 2002)). In the Sixth Circuit, courts look to three "non-exhaustive" factors to determine whether members of the collective action are similarly situated: (1) the "factual and employment settings of the individual[ ] plaintiffs"; (2) "the different defenses to which the plaintiffs may be subject on an individual basis"; and (3) "the degree of fairness and procedural impact of certifying the action as a collective action." Monroe, 860 F.3d at 397 (quoting O'Brien, 575 F.3d at 584). The lead plaintiff bears the burden of meeting this requirement at both the initial and final certification stages. O'Brien, 575 F.3d at 584.

### III. ANALYSIS

Potter argues that he has made the modest showing necessary to conditionally certify a collective action class under the FLSA, and he seeks expedited discovery to determine potential class members. Dawn Food Products argues that Potter has not made the modest showing, because he has not provided any proof of a widespread scheme, plan, or common experience that applies to all of its manufacturing facilities. Additionally, Dawn Food Products argues that Potter's and the opt-in plaintiffs' declarations are too conclusory to maintain a nationwide class. Dawn Food Products' arguments miss the mark.

First, Dawn Food Products' suggestion that a widespread scheme, plan, or common experience is necessary for employees to be considered similarly situated is incorrect. See Resp. at 7-10. The Sixth Circuit has rejected such an argument as an "overly restrictive application of the FLSA's 'similarly situated' standard." Monroe, 860 F.3d at 397. While evidence of a widespread scheme, plan, or common experience may be sufficient to demonstrate employees are similarly situated, "[s]howing a 'unified policy' of violations is not required." O'Brien, 575 F.3d at 584.

5

Even if a common, unified policy were required, Potter has made that showing. He says that as a manufacturing employee at the Jackson facility, he was paid only for his scheduled 40-hour work week, which excluded other work, such as donning and doffing, retrieving tools, walking to the manufacturing floor, and other manufacturing work. Potter Decl., Ex. 2 to Mot., ¶¶ 4-5 (Dkt. 16-2). He says that this other work was done in excess of his 40-hour work schedule and, therefore, he should have received overtime compensation for that time. Id. ¶¶ 6-9. The opt-in plaintiffs, who worked at other Dawn Food Products facilities, make the same representations in their declarations. Opt-In Forms ¶¶ 4-6. This is a sufficient showing that there is a common, unified policy in place at Dawn Food Products' manufacturing facilities. See, e.g., Headspeth v. TPUSA, Inc., No. 2:19-CV-2062, 2020 WL 3818922, at *4 (S.D. Ohio July 8, 2020) ("Plaintiffs' declarants aver that they were all technical support representatives for Defendant who suffered from Defendant's company-wide practice of not paying employees for pre-shift preparatory work. This is sufficient to show that Plaintiffs' positions are similar to the putative class members' positions.") (citing Lewis v. Huntington Nat'l Bank, 789 F. Supp. 2d 863, 867-868 (S.D. Ohio 2011)).

Second, Dawn Food Products is mistaken in arguing that Potter has not made even the modest showing required to support a "nationwide" class. Dawn Food Products represents that it has ten facilities nationwide, which include eight manufacturing facilities and two distribution centers. Wolvin Decl. ¶¶ 4-10. The fact that Dawn Food Products has multiple facilities located in different states in and of itself has no legal significance. What is significant is whether Potter has made a modest showing that there are similarly situated employees at Dawn Food Products manufacturing facilities. To this point, Dawn Food Products relies heavily on Gallagher v. Gen. Motors Co., No. 19-11836, 2020 WL 3481649 (E.D. Mich. June 26, 2020), for its position that there is no basis to certify

a nationwide class.   Mot. at 7-8, 10, 14.

In Gallagher, the plaintiffs' FLSA violation allegations related to supervisors in the Metro Detroit area denying four employees, representing two job classifications, overtime compensation. Based on those allegations, the plaintiffs sought to certify a nationwide class, which included 132 unique work locations with 236 different job classications across 22 states.   Id. at *9, 13.   The court observed that the plaintiffs' evidence could potentially serve as a modest showing of a more limited class in the Detroit area.   Id. at *5.   However, the plaintiffs provided no more than speculation that supervisors outside of the Detroit area were denying overtime compensation.   Id.   The Gallagher court denied the motion for conditional certification without prejudice.   Id. at *16.

Here, unlike in Gallagher, Potter is seeking to certify a collective action limited to Dawn Food Products manufacturing employees.   And he has provided declarations of individuals who worked at four out of the ten Dawn Food Products facilities, as compared to the plaintiffs in Gallagher, where the plaintiffs sought to certify a collective action of employees at 132 locations based on policies at two Detroit Metro location.   Dawn Food Products attempts to better align the facts of this case with those in Gallagher by arguing that not all of its facilities are manufacturing facilities, and that not all of the opt-in plaintiffs are similarly situated to Potter based on a review of its employment records. However, at this stage, courts do "'not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'"   Wlotkowski, 267 F.R.D. at 217.

Contrary to Dawn Food Products' position that Potter's representations are too conclusory and filled with speculation, see Resp. at 8-15, Potter has made at least a modest showing, based on the declarations provided, to maintain a collective action across Dawn Food Products manufacturing facilities.   Therefore, Potter's motion is granted as to conditional certification.

7

Potter also seeks expedited discovery to determine the identity of potential class members, and he has provided a copy of the notice that he intends to send to potential class members. Mot. at 23; Proposed Notice to to Class (Dkt. 16-5). Dawn Food Products argues that the expedited discovery is unnecessary, and that the proposed notice has multiple defects. Resp. at 16-19. Potter does not respond to these arguments in his reply brief. To facilitate expeditious resolution of the these issues, the parties are required to (1) confer in a good faith effort to resolve any disagreements with respect to expedited discovery and class notification, and (2) file a joint memorandum ("JM") regarding any unresolved matters, setting forth the following information:

a. The JM shall describe the date and length of the conference conducted by counsel to resolve any expedited discovery and proposed notice disputes.

b. The JM shall recite verbatim each discovery request that is the subject of the dispute and immediately following it the non-moving party's response.

c. Immediately following the recitation of each pair of discovery request and response, the moving party shall present any argument in support of its position and the non-moving party shall present separately its argument in response. Each side's argument as to any one request or response may not exceed one-half page.

d. To the extent the non-moving party objects based on burdensomeness, the non-moving party shall attach an affidavit setting forth specific facts substantiating the objection; otherwise the objection will be deemed waived.

e. To the extent the non-moving party objects based on irrelevance or overbreadth, the moving party must (i) cite to the specific paragraph(s) of the relevant pleading that the moving party contends is/are relevant to that objection.

### IV.    CONCLUSION

For the reasons stated above, Potter's motion for conditional certification (Dkt. 16) is granted in part. The Court conditionally certifies a collective action class of "All former and current manufacturing employees of Dawn Food Products, Inc. between April 13, 2017 and the present." The

motion is denied without prejudice in all other respects. The parties' JM must be filed no later than December 11, 2020. Potter's motion seeking to file his reply brief instanter (Dkt. 20) is granted.

    SO ORDERED.

Dated: November 24, 2020       s/Mark A. Goldsmith
       Detroit, Michigan            MARK A. GOLDSMITH
                                            United States District Judge