UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEVER FRANKLIN POTTER,

      Plaintiff,                              Case No. 20-10926

vs.                                            HON. MARK A. GOLDSMITH

DAWN FOOD PRODUCTS, INC.,

      Defendant.

_____/

**OPINION & ORDER
REGARDING EXPEDITED DISCOVERY AND NOTICE TO OPT-IN PLAINTIFFS
(Dkt. 16)**

On August 12, 2020, Plaintiff Lever Franklin Potter filed a motion seeking conditional certification of this case as a collective action under the Fair Labor Standards Act ("FLSA"), expedited discovery to determine the identity of potential class members, and court-supervised notice to potential opt-in plaintiffs (Dkt 16). Defendant Dawn Food Products, Inc. opposed the motion for certification and argued that expedited discovery is unnecessary and that the proposed notice has multiple defects (Dkt. 19). On November 24, 2020, the Court granted in part Potter's motion for conditional certification and ordered the parties to confer in an effort to resolve any disagreements with respect to expedited discovery and class notification.

After conferring, the parties have resolved all disputes regarding Potter's discovery request. See Joint Mem. at 2 (Dkt. 27). With respect to the notice, the parties have agreed to the length of the opt-in period, see id. at 3, and nearly all of the notice's content, with two minor exceptions, see Supp. Joint Mem. (Dkt. 28). The Court now addresses these two remaining disagreements.

First, Dawn Food Products seeks to add the following bold language:

> The named Plaintiff in this matter has entered into a contingency fee agreement with Plaintiff's counsel, which means that if there is no recovery, there will be no attorneys' fees or costs chargeable to you for the work performed by Plaintiff's counsel. If there is a recovery of wages, liquidated damages, and/or attorneys' fees and costs, Plaintiff's counsel will be paid whatever attorneys' fees and costs the Court orders or approves as fair and reasonable. Plaintiff's counsel intends to seek a fee award of thirty-three and one-third percent (33 1/3%) of your total recovery plus costs expended by Plaintiff's counsel on your behalf **(which request Dawn may oppose and which request would be subject to the Court's approval)**. Any fees and costs awarded by the Court will either be subtracted from the total recovery obtained from Dawn, or they may be paid separately by Dawn. If there is no recovery, Plaintiff's counsel will not be paid for their work on this case. If Dawn prevails in the action, you will not receive any money. **There may exist other circumstances under which Dawn may seek to recover its attorneys' fees, costs, or expenses in this action. In the event the Court awards Dawn any fees, costs, or expenses in this action, you may be responsible for a portion of any such award.**

Dawn Food Products argues the language in bold is appropriate to warn opt-in plaintiffs of possible financial exposure. Potter argues this language is redundant, confusing, and has the effect of chilling participation in the collective action.

The Court agrees with Potter. A notice should include enough information so that potential plaintiffs can make an informed decision as to whether they wish to opt-in to the action. See, e.g., Knispel v. Chrysler Group LLC, No. 11–11886, 2012 WL 553722, at *7 (E.D. Mich. Feb. 21, 2012). Redundant information need not be included. The "subject to the Court's approval" language is redundant as the proposed notice states elsewhere that "Plaintiff's counsel will be paid whatever attorneys' fees and costs the Court orders or approves as fair and reasonable." Further, even if certain information could be relevant to potential plaintiffs' decision

2

to opt-in to an action, such relevance must be weighed against the likelihood that the information would chill participation in the collective action should. References to a defendant's potential fees and costs of litigation – which is entirely remote and speculative at this point – is the type of information that "'may deter an employee from participating, and that adverse effect is disproportionate to the burden they may face by joining the action.'" Kim v. Detroit Med. Informatics, LLC, No. 19-11185, 2019 WL 6307196, at *5 (E.D. Mich. Nov. 25, 2019) (quoting McKinstry v. Developmental Essential Servs., Inc., No. 16-12565, 2017 WL 815666, at *3 (E.D. Mich. Mar. 2, 2017)). To avoid such a potential chilling effect, Dawn Food Product's proposed language regarding its potential fees, costs, and expenses will not be included in the notice.

Second, Dawn Food Products seeks to remove Potter's counsel's specification of their preferred fee percentage (33 1/2%), arguing that it is speculative what fee percentage could be awarded. Potter argues this language is necessary to inform opt-in plaintiffs of the contingency fee agreement between Potter and his counsel. The Court agrees with Potter. In the interest of ease of case management, plaintiffs seeking FLSA recovery under the core operative facts at issue in this litigation should do so through the representation of the same counsel as Potter. See, e.g., Knispel, 2012 WL 553722 at *8. As a result, the specification of the contingency fee agreement is relevant to potential opt-in plaintiffs' decision to join the action. Further, the language used to specify the fee percentage does not insinuate that counsel will ultimately be awarded this amount. The specification of counsel's preferred fee percentage will remain in the notice.

Accordingly, the proposed notice negotiated by the parties is approved, without the two modifications requested by Dawn Food Products. Within 10 days of receiving the appropriate information regarding the potential members of the Collective from Dawn Food Products,

Plaintiff's counsel will serve the notice, by e-mail or U.S. mail, at their expense. The Court need not address expedited discovery, as the parties have resolved their differences as to that issue.

    SO ORDERED.

Dated: January 12, 2021           s/Mark A. Goldsmith
       Detroit, Michigan         MARK A. GOLDSMITH
                                    United States District Judge