# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# ANN ARBOR DIVISION

| | |
|---|---|
| TYLER KOLBE, individually and on behalf of all others similarly situated, | CASE NO. 2:20-CV-10926-MAG-RSW |
| Plaintiff, | JUDGE MARK A. GOLDSMITH |
| vs. | MAGISTRATE R. STEVEN WHALEN |
| DAWN FOOD PRODUCTS, INC., | **<u>ORDER OF DISMISSAL WITH PREJUDICE AND APPROVING SETTLEMENT</u>** |
| Defendant. | |

THIS CAUSE having come before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice ("Joint Motion"), including the Confidential Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Alanna Klein Fischer, and due cause appearing therefore, it is hereby Ordered and Adjudged as follows:

1. On April 13, 2020, then-representative plaintiff Lever Franklin Potter filed this Action, alleging that Defendant did not pay Plaintiff and other similarly situated hourly, manufacturing employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, and for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Specifically, Plaintiff alleged that Defendant violated the FLSA by failing to pay hourly manufacturing production employees for work performed before and/or after their scheduled start and stop times, including changing into and out of their uniforms and/or personal protective equipment; gathering/returning tools and equipment necessary to perform manufacturing work; walking to their assigned area of the manufacturing floor; and/or performing manufacturing work.

3. On August 12, 2020, Plaintiff filed a motion seeking conditional certification of this matter as a collective action under the FLSA, expedited discovery to identify potential collective members, and court-supervised notice to potential opt-in plaintiffs, to the following class of individuals: former and current hourly, non-exempt manufacturing employees employed by Dawn Food Products, Inc. at any time during the past three years, who performed unpaid work before and/or after their scheduled shift times. (Dkt. 16.) On November 24, 2020, the Court granted, in part, Plaintiff's motion and ordered the parties to confer to resolve disputes regarding expedited discovery and notice. (Dkt. 26.) Following their conference, the parties filed a joint memorandum. (Dkt. 27.) On January 12, 2021, the Court issued an Opinion & Order Regarding Expedited Discovery and Notice to Opt-In Plaintiffs. (Dkt. 29.) On February 4, 2021, pursuant to the January 12, 2021 Opinion & Order, Plaintiff's Counsel mailed notices to 1,810 potential opt-in plaintiffs. The notice period closed on March 6, 2021. In addition to the then

representative plaintiff, 161 individuals opted into the case.

4. On January 4, 2021, Defendant served written discovery requests on Plaintiff Potter, to which Plaintiff Potter responded on February 10, 2021.

5. On August 23, 2021, Plaintiffs propounded discovery requests on Defendant. Defendant's responses included time and pay records for the then representative plaintiff and each opt-in Plaintiff who had worked as an hourly, manufacturing employee of Defendant.

6. On January 25, 2022, Plaintiff Lever Franklin Potter moved for leave to file an amended complaint, to substitute then-opt-in plaintiff Tyler Kolbe as the Representative Plaintiff. (Dkt. 53.) On February 16, 2022, the Court granted Plaintiff's motion (Dkt. 60) and Plaintiff filed an Amended Complaint (Dkt. 61), which Defendant timely answered (Dkt. 62).

7. On March 18, 2022, Defendant served written discovery requests on Plaintiff Kolbe, to which Plaintiff Kolbe responded on April 25, 2022.

8. On April 27, 2022, the Parties reached an agreement in principle to settle the lawsuit on the terms set forth in the Settlement attached as Exhibit 1 to the Joint Motion.

9. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and whether they are entitled to their claimed overtime or any other compensation under

the FLSA.

10. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 216(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that she believes the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and the Opt-In Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

11. The Court approves the Agreement and its Exhibits, and orders that the Settlement be implemented according to the terms and conditions of the Settlement (Exhibit 1) and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiff and the Opt-In Plaintiffs.

12. The Court finds that the proposed allocation and calculation of the Individual Payments to Representative Plaintiff and the Opt-In Plaintiffs are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted, with the Confidential Joint Stipulation of Settlement and Release, an Appendix prepared by Plaintiff's Counsel based on her calculations and analysis of alleged damages that provides the names

of the Opt-In Plaintiffs and the Individual Payments. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

13. The Court approves the Service Payment to Representative Plaintiff Tyler Kolbe in recognition of his service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

14. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

15. The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees, expenses and costs except as otherwise provided by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

       SO ORDERED.

Dated: August 17, 2022            s/Mark A. Goldsmith
     Detroit, Michigan            MARK A. GOLDSMITH
                                            United States District Judge